UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EANN C. BEATTY,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

Case No. 14-11550

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
CHARLES E. BINDER

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [20], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16], AND OVERRULING PLAINTIFF'S OBJECTION [21]**

On August 14, 2015, Magistrate Judge Binder issued a Report and Recommendation ("R&R") [20] recommending that Defendant's Motion for Summary Judgment [18] be granted and that Plaintiff's Motion for Summary Judgment [16] be denied. Plaintiff filed an Objection [21] on August 28, 2015. For the reasons stated below, the R&R [20] is **ADOPTED IN PART** and is entered as the findings and conclusions of the Court. Defendant's Motion for

1

Summary Judgment [18] is **GRANTED**. Plaintiff's Motion for Summary Judgment [16] is **DENIED**. Plaintiff's Objection [21] is **OVERRULED**.

## STATEMENT OF FACTS

Plaintiff applied for supplemental security income benefits on October 14, 2003. On February 7, 1994, he was found to be disabled and entitled to benefits commencing October 1, 1993, as his mental challenge met listing 112.05C. On August 20, 2002, a continuing disability review determined that Claimant's disability had ended on August 1, 2002 as the result of a decrease in the medical severity of his mental challenge. The decision was upheld following a hearing on April 3, 2003 challenging that determination. On August 8, 2007, Claimant appeared before an Administrative Law Judge (ALJ), where it was subsequently found that he was not disabled in a decision rendered on September 22, 2008. Claimant appealed this decision, but was denied review by the Appeals Council. He then filed suit regarding this decision in United States District Court for the Eastern District of Michigan in May 2010, seeking judicial review. On June 25, 2014, a report and recommendation was issued and subsequently adopted that denied summary judgment for Defendant, granted summary judgment for Plaintiff, and remanded the case for further proceedings. (*Beatty I*) *Beatty v. Comm'r of Soc. Sec.,* No. 10-12034, 2011 WL 4407557, at *7 (E.D. Mich. Sept. 2, 2011) *report*

*and recommendation adopted*, No. 10-12034, 2011 WL 4406331 (E.D. Mich. Sept. 22, 2011). Following this remand, a hearing was held on July 19, 2012 with a decision on October 30, 2012 denying Plaintiff disability benefits. In this hearing, the ALJ determined that the claimant's mental condition had medically improved and that claimant had regained the residual functional capacity, as of August 1, 2002, to perform a restricted range of work at all exertional levels. The ALJ also found that the claimant's history of marijuana use was not a contributing factor in the determination of disability. The Appeals Council declined to review that decision, so this instant action was commenced to review the denial of benefits.

The Magistrate Judge summarized the administrative record of Plaintiff's disability application as follows:

> Plaintiff was 34 years old at the time of the administrative hearing in July 2012 (TR 113). Detroit Public School officials deemed claimant to be mentally impaired, and he attended special education classes before graduating from high school (TR 197, 266). Claimant had no past relevant work (TR 308). At the time of the remand hearing, he lived with his mother. Plaintiff helped her by performing such simple chores as snow shoveling and mopping the floor (TR 266, 268). He had attempted to wash his own clothing, but was unable to properly sort them in order to avoid improper bleaching (TR 268-269). Claimant allegedly had a difficult time concentrating, and he often had temper tantrums (TR 269).
>
> A Vocational Expert, Pauline Pegram, testified that if the claimant were physically capable of performing work at all exertional levels, there were a significant number of jobs in the national economy after August 2002, that he could perform with minimal vocational adjustment (TR 404-406). The jobs required the performance of simple and routine work duties, which could be learned by demonstration rather than following verbal instructions.

> Productivity would not be dictated by an external source over which a worker had no control. The VE added that these jobs could be performed independently with minimal contact with supervisors, co-workers or the general public (TR 402-404).

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo.* *See* 28 U.S.C. § 636(b)(1)(c). Judicial review of a decision by an Administrative Law Judge ("ALJ") is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

## ANALYSIS

Plaintiff raises only one objection to the R&R [20]. He argues that the Magistrate Judge erred in finding that the original remand decision from the Magistrate in *Beatty I* did not affirm the ALJ's determination in the September 22, 2008 decision that the Plaintiff was disabled, but for his marijuana use. Plaintiff asserts that the report and recommendation (R&R) from *Beatty I* decided the issue of whether the Plaintiff was disabled, and, consequently, the remand order itself only concerned the analysis of marijuana addiction. He further reasons that, as such, the redetermination and reanalysis of Plaintiff's severe impairments and disability status during the ALJ hearing decided on October 30, 2012 exceeded the scope of the remand order by revisiting issues that the District Court had already disposed of in *Beatty I* in violation of the law of case doctrine thus preventing a lower court from reexamining any issue previously decided by "the same court, or a higher court in the same case." *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 n. 5 (6th Cir. 1996).

**I. Objection One: ALJ erred in concluding that the ALJ did not exceed the scope of his remand in re-determining Plaintiff's disability status**

5

Plaintiff objects to the Magistrate's re-determination of his disability status during the hearing on remand from the District Court. Plaintiff claims that the *Beatty I* decision either implicitly or expressly adopted the factual determination of the original ALJ decision and affirmed the finding of disability by the ALJ. Thus, the sole issue on remand was a re-determination of whether or not Plaintiff's marijuana use impacted his disability claim or not. Plaintiff contends that on remand, once the ALJ determined that the Plaintiff's marijuana use did not have an effect on the claim, the previous determination of disability should have been honored and Plaintiff should have been awarded his benefits. Given that the ALJ instead proceeded to re-conduct the entire disability analysis, reversing the previous determination of disability and finding Plaintiff to no longer be disabled, Plaintiff contends that the scope of the remand order was improperly exceeded.

In footnote 2, the R&R concludes that the decision by the Court in *Beatty I* did not make any decision regarding the validity of the previous ALJ's initial listing determination regarding Plaintiff's disability status, and as such the law of the case doctrine that prevents an administrative law judge from doing anything "expressly or impliedly in contradiction to the district court's remand" is not implicated in this case. *Hollins v. Massanari*, 49 F. App'x 533, 536 (6th Cir. 2002);

6

citing *Sullivan v. Hudson,* 490 U.S. 877, 886, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Mefford v. Gardner,* 383 F.2d 748, 758 (6th Cir.1967).

The Court agrees with the Magistrate's recommendation regarding this issue. The sole question in this case is whether or not the District Court in *Beatty I*, through their adoption of the R&R, affirmed the factual findings concerning Plaintiff's disability status. As long as the facts were not affirmed, the ALJ had the ability to go beyond the remand direction of determining marijuana addiction, so long as the findings were not "inconsistent with" the opinion from the District Court, because the law of the case only becomes relevant to issues previously determined. *Hollins*, 49 F. App'x at 536. Indeed, under Social Security regulations, the ALJ on remand is empowered to consider all issues relating to the claim because, once a social security decision on disability benefits is appealed, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983. Thus, as long as an issue was not finally decided in the District Courts, the ALJ can exceed the scope of a remand order and reconsider any evidence deemed appropriate in reaching a decision regarding a claim.

In *Beatty I*, the Court concluded that:

7

> There is no dispute that the ALJ cited the incorrect five step test in his decision. It is equally clear, however, as the Commissioner points out, that the ALJ actually followed the seven step test in his analysis and concluded that, with his current severe impairments, plaintiff satisfied Listing 12.05(C) because he has mental challenge that manifested before age 22, a full scale IQ of 64, along with depression. (Tr. 19–20); *see also, O'Connor v. Astrue,* 2009 WL 3273887 (W.D.N.Y.2009) (The decision of the ALJ will not necessarily be disturbed when he erroneously uses the five-step test but nonetheless makes the findings required in the seven step "medical improvement" analysis). The ALJ concluded that plaintiff was credible, given that consulting examiner Dr. Mills reported that plaintiff appeared to give full effort at testing and the ALJ noted that plaintiff consistently complained of depression over the years. (Tr. 20). *Beatty v. Comm'r of Soc. Sec.*, WL 4407557, at *5-6.

In regards to the remand, the District Court in *Beatty I* ordered that "… the undersigned concludes that this matter should be remanded so that specific medical opinions regarding the affect of plaintiff's marijuana use on his depression can be obtained." *Id* at *7.

While the Court can understand how it would appear from the above passage that the Court in *Beatty I* had affirmed the facts, the Sixth Circuit made it clear in *Hollins v. Massanari* that when analyzing a social security disability benefits case on review and the contested issue is independent of the factual determination of disability, the facts concerning the disability determination are not affirmed expressly or implicitly but are rather merely assumed in order to come to a decision regarding Plaintiff's claims. *Hollins*, 49 Fed. Appx. Similar to this case, in

8

*Hollins* the ALJ on remand conducted an entirely new hearing to re-determine the issue of disability, despite having a remand order that only addressed the issue of equivalency and literacy. In that case, the Sixth Circuit concluded that the merits were not decided, but instead, the only issues determined by the court were those narrow ones addressed in the remand order. *Id* at *2. The facts concerning the merits were not expressly or implicitly, affirmed by the court, but were rather "assumed" so that the Court could evaluate the Plaintiff's claims. The Court needed to assume those facts to make a finding regarding Plaintiff's claims; thus the existence of the facts was necessary to the findings of the Court, but "the truth of those findings" was not. *Id*. As such, the facts were not explicitly or implicitly affirmed by the Court, and the ALJ remained free to revisit his determination under 20 C.F.R. § 404.983.

This court does not adopt the bulk of the text of the R&R that discusses the merits of the disability determination entered by the ALJ on October 30, 2012. Plaintiff explicitly admits that his only argument rests on the procedural ground of the scope of the mandate, and thus under *Heston v. Comm'r of Soc. Sec.*, the failure to raise any issue regarding an error relating to the factual determination of their disability status waives any claim on that issue. 245 F.3d 528 (6th Cir.2001). Both Plaintiff and Defendant acknowledge that the only claim at issue surrounds the

procedural issue discussed above, and as such the R&R's analysis of the factual determination made by the ALJ is not adopted by the Court.

## CONCLUSION

The Court, having reviewed the record in this case, the R&R [20] of the Magistrate Judge's findings is hereby **ADOPTED IN PART** and the findings in footnote two are entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [16] is **DENIED**.

**SO ORDERED**.


　　　　　　　　　　　　　　　　　　s/Arthur J. Tarnow
　　　　　　　　　　　　　　　　　　Arthur J. Tarnow
Dated: September 29, 2015　　　　　　Senior United States District Judge

**IT IS ORDERED** that

**SO ORDERED**.

_____

Arthur J. Tarnow

Dated:					Senior United States District Judge